## PHILIP VIDICHI v. FRANCOIS COUSIN.

Payment of a judgment may be proved by parol; but where the debtor relies upon parol proof of payment of a judgment, the evidence should render the fact of payment certain.

APPEAL from the Fifth District Court of New Orleans. *Buchanan*, J. C. *Roselius*, for plaintiff. *Elmore* and *King*, for defendant. The judgment of the court was pronounced by

PRESTON, J. The plaintiff enjoins execution on a judgment in favor of the defendant, rendered against him in 1843, for two hundred and ninety-six dollars seventy-six cents. He alleges that he has paid and settled the judgment, and claims damages.

There was another judgment against him in favor of the defendant, rendered about the same time for upwards of a thousand dollars. An execution was issued upon this judgment in 1847, which has not been returned; but the record

shows that satisfaction of the judgment was entered probably in 1847. A witness for the plaintiff proves, that about that time he borrowed four hundred dollars from *Joseph Lanata*, and paid it over to the defendant. The witness understood, from both parties, that it was in satisfaction of all claims of the defendant against the plaintiff. But *Joseph Lanata*, who loaned the money, was also present at the settlement, and heard *Vidichi* say, in handing defendant the money, "It is well understood this is for the judgment on the note you have against me." *Cousin* objected, saying, "In conscience this is not enough; you owe more than a thousand dollars." *Vidichi* refused to give more, and gave reasons. *Cousin* refused awhile, and then said very well; that the next day he would go to court and enter satisfaction, and give up the papers of the judgment he had; so he would have no claim against *Vidichi*. He further says, it was understood by *Vidichi* and *Cousin*, that the settlement was a final one between them.

This is certainly strong evidence in favor of the plaintiff. Nevertheless the district court dissolved the injunction, with damages. We cannot say he erred. A judgment is the highest evidence of indebtedness : payment can be proved by parol; but it is so easy to have satisfaction of judgment entered, and is so usual on payment; it is also so universal to take a receipt or discharge, that when these things are wanting, and a judgment debtor relies upon parol evidence of its settlement, he should render it certain that the judgment was paid, and that there was no mistake.

The fact that *Cousin* entered satisfaction as to but one judgment, shows that he did not understand that the four hundred dollars was a compromise of more than the judgment for a thousand dollars. It is true that the recollection of the witnesses after more than three years is, that the parties spoke of a final settlement of all claims. But this general recollection does not convey that certainty to the mind which is produced by the fact, that the defendant, in speaking particularly, said the four hundred dollars was for the note of a thousand dollars ; because it is worthy of observation, that the judgment for one thousand dollars was on a note for that amount; whilst the judgment enjoined is rendered on an account. Circumstances are disclosed by the plaintiff's own witness which disincline the court to presume much in his favor.

The judgments were rendered in 1843 on debts due in 1842. The plaintiff did not even compromise the judgment of one thousand dollars, until 1847, and for about a third of its amount, including interest; although it is in evidence that he had property covered from his creditors, in the name of a female whom he afterwards married, and left the country worth fifty thousand dollars. There is not sufficient proof that the small judgment was compromised, much less satisfied.

The judgment of the district court is therefore affirmed, with costs.